UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No. 3:22-cv-00810

ROBERT J. WICAL,

    Plaintiff,

v.

CNU ONLINE HOLDINGS, LLC,

    Defendant.

_____/

# CLASS ACTION COMPLAINT

**NOW COMES** ROBERT J. WICAL ("Plaintiff"), individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of CNU ONLINE HOLDINGS, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting

1

agencies." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004) *citing* 15 U.S.C. § 1681(a)(4).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

5. Plaintiff is a natural person whom at all times relevant resided in Jacksonville, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

7. CNU ONLINE HOLDINGS, LLC ("Defendant") is a limited liability corporation organized under the laws of Delaware.

8. Defendant maintains its principal place of business in Chicago, Illinois.

9. Defendant is a prominent online financial services company that extends personal loans to consumers nationwide.

10. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

**FACTUAL ALLEGATIONS**

11. On June 22, 2022, Plaintiff received an alert from his Experian credit monitoring service stating that Defendant obtained his Experian credit report on August 4, 2017.

12. Specifically, the alert depicted as follows:



13. At no point in time prior to June 22, 2022 did Plaintiff have knowledge of Defendant's access to his Experian credit report.

14. At no point in time did Plaintiff apply for a loan from Defendant or otherwise solicit Defendant's financial services.

15. At the time that Defendant accessed Plaintiff's Experian credit report, Plaintiff did not have any form of relationship with Defendant.

16. At no point in time did Plaintiff authorize Defendant to access his Experian credit report.

17. Upon information and belief, Defendant falsely represented to Experian that Plaintiff had a business relationship with Defendant or that Plaintiff applied for a loan from Defendant.

18. Accordingly, Defendant accessed Plaintiff's highly private credit information under false pretenses and without Plaintiff's knowledge or authorization.

## DAMAGES

19. Defendant's intrusive conduct resulted in significant harm to Plaintiff.

20. The existence of a credit inquiry from Defendant on Plaintiff's Experian credit report created a false impression that Plaintiff applied for a loan from Defendant and was denied a loan, thus rendering Plaintiff a high-risk consumer and damaging his credit worthiness.

21. Defendant's unauthorized access of Plaintiff's credit information was highly intrusive, invaded Plaintiff's privacy, and led Plaintiff to believe he may be a victim of identity theft.

22. As a result of Defendant's conduct, Plaintiff has suffered various damages, including: invasion of privacy, emotional distress, and time wasted monitoring his credit reports for fraudulent activity.

23. Alarmed by Defendant's intrusive conduct, Plaintiff retained counsel to protect his privacy and vindicate his rights.

## CLASS ALLEGATIONS

24. Paragraphs 11 through 23 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. Upon information and belief, Defendant systematically accesses consumers' credit reports by falsely representing to the credit reporting agencies that the consumers are applying for a loan from Defendant.

26. Defendant's systematic practice of accessing consumers' credit reports without a permissible purpose prescribed by the FCRA constitutes a willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

27. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States (1) who have had their consumer credit report(s) obtained by Defendant; (2) within the five (5) years preceding the date of the original complaint through the date of class certification; (3) from Equifax, Experian, and/or Trans Union; (4) who did not apply for a loan from Defendant; and (5) for which Defendant did not have a permissible purpose enumerated in the Fair Credit Reporting Act to access such person's credit report(s).

28. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

29. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

30. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

31. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

32. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

33. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

34. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability

35. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

36. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

37. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

38. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

39. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

40. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

41. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

### CLAIMS FOR RELIEF

### COUNT I:
### Defendant's Violations of 15 U.S.C. § 1681b(f)
### (on behalf of Plaintiff and the Members of the Putative Class)

42. Paragraphs 11 through 41 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

44. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

45. Plaintiff's Experian credit report that Defendant accessed without authorization is a "consumer report" as defined by §1681a(d)(1).

46. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the person or entity has a permissible purpose enumerated in the FCRA. *See* 15 U.S.C. §1681b(f).

47. Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Experian credit report without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

48. As set forth above, Plaintiff has never (1) applied for a loan from Defendant or (2) had any form of business relationship with Defendant.

49. Accordingly, Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's Experian credit report without a permissible purpose under the FCRA.

50. In the alternative, Defendant negligently violated §1681b(f) by accessing Plaintiff's Experian credit report without a permissible purpose under the FCRA.

51. As set forth above, Plaintiff was harmed by Defendant's conduct.

52. Upon information and belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

53. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

**WHEREFORE**, Plaintiff, individually, and on behalf of the members of the Putative Class, requests the following relief:

a. An Order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel.

b. An Order enjoining Defendant from accessing consumer credit reports without a permissible purpose.

c. A judgment in favor of Plaintiff and the members of the Putative Class for Defendant's violations of the FCRA.

d. An award of actual damages to Plaintiff and members of the Putative Class.

e. An award of statutory damages in the amount of $1,000.00 to Plaintiff and members of the Putative Class for each violation of the FCRA.

f. An award of punitive damages in favor of Plaintiff and members of the Putative Class.

g. An award of reasonable attorney's fees and costs.

h. Any further relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: July 26, 2022                                 Respectfully Submitted,

**ROBERT J. WICAL**

By**:** */s/ Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd
2500 S. Highland Ave.
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*