UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:22-cv-00810-TJC-LLL

ROBERT J. WICAL,

   Plaintiff,

v.

CNU ONLINE HOLDINGS, LLC,

   Defendant.

_____/

**DEFENDANT CNU ONLINE HOLDINGS, LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

Defendant CNU Online Holdings, LLC ("CNU"), by counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), respectfully moves to dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted, and to strike Plaintiff's class allegations.

## Introduction

Plaintiff alleges that CNU accessed his credit report; and because he allegedly never "applied for a loan from [CNU]" or had "any form of business relationship with [CNU,]" Plaintiff summarily concludes that CNU must have lacked a permissible purpose to obtain his credit information and thus "willfully" violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b.

(Compl. ¶¶ 48-49.) But Plaintiff ignores that the FCRA permits access to consumers' credit reports for a host of reasons, while also ignoring his basic obligation to allege facts showing that his claim is plausible. Plaintiff then compounds those deficiencies by asserting his conclusory claims on behalf of a facially impermissible "fail-safe" putative nationwide class. Plaintiff's claims should be dismissed, and the class allegations should be stricken.

## Statement of Alleged Facts

Plaintiff Robert J. Wical ("Plaintiff") alleges that on June 22, 2022, he received an alert from his Experian credit monitoring service indicating that CNU accessed his credit report five years earlier, back in August 2017. (Compl. ¶ 11.) In fact, according to Plaintiff, "[a]t no point in time prior to June 22, 2022, did Plaintiff have knowledge of Defendant's access to his Experian credit report." (Compl. ¶ 13.) Plaintiff then alleges that he did not "apply for a loan from [CNU] or otherwise solicit [CNU's] financial services"; that he "did not have any form of relationship with [CNU]"; and that he did not "authorize [CNU] to access his Experian credit report." (Compl. ¶¶ 14-16.)

Based on those allegations (and those allegations alone), Plaintiff summarily concludes that CNU must have accessed his "credit report without a permissible purpose under the FCRA," and that therefore CNU not only violated Section 1681b(f), but did so "willfully." (Compl. ¶ 49.) And he seeks to bring his

2

claim both individually and on behalf a putative nationwide class, defined as: "All persons within the United States (1) who have had their consumer credit report(s) obtained by [CNU]; (2) within the five (5) years preceding the date of the original complaint through the date of class certification; (3) from Equifax, Experian, and/or Trans Union; (4) who did not apply for a loan from [CNU]; and (5) for which [CNU] did not have a permissible purpose enumerated in the Fair Credit Reporting Act to access such person's credit report(s)." (Compl. ¶ 27.)

## Relief Sought

As explained below, CNU's Motion should be granted because (1) Plaintiff has failed to state a claim that CNU accessed his credit report without a permissible purpose, (2) he has failed to sufficiently allege that CNU "willfully" violated the FCRA, and (3) he seeks to represent a facially improper fail-safe class. Accordingly, CNU respectfully requests that the Court dismiss Plaintiff's claims with prejudice and strike his class allegations.

## Argument

I. **Plaintiff has not stated a claim for violation of Section 1681b of the FCRA.**

"To survive a motion to dismiss [under Rule 12(b)(6)], the plaintiff's pleading 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Doe v. Samford Univ.*, 29 F.4th 675, 685 (11th Cir. 2022), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Id.* "The complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007), and *Iqbal*, 556 U.S. at 678. "When determining whether the complaint crosses 'the line between possibility and plausibility of entitlement to relief,' 'courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.'" *Samford Univ.*, 29 F.4th at 686, quoting *Twombly*, 550 U.S. at 557.

### A. Plaintiff has failed to state a plausible claim that CNU obtained his credit report for an impermissible purpose.

The FCRA expressly allows access to consumers' credit reports for a number of statutorily "permissible purposes." 15 U.S.C. § 1681b. These include where the recipient intends to use the information for: (a) a credit transaction or application for credit involving the consumer; (b) employment purposes; (c) underwriting of insurance; (d) risk assessment by a potential investor or servicer concerning an existing credit obligation; (e) a business transaction initiated by

4

the consumer; and (f) an extension of a firm credit offer to the consumer. *Id.* §§ 1681b(a)(3), (c). Thus, in order to show a violation of Section 1681b(f), a plaintiff "must establish" that the defendant did not have "a permissible statutory purpose" for requesting plaintiff's credit report. *McKernan v. Diversified Consultants, Inc.*, 2015 WL 12426148, at *2 (M.D. Fla. July 2, 2015) (Conway, J.); *see also Celestine v. Capital One*, 2017 WL 4174804, at *3 (S.D. Fla. Sept. 19, 2017), *aff'd*, 741 Fed. App'x 712 (11th Cir. 2018); *Jimenez v. Account Servs.*, 233 F. Supp. 3d 1359, 1365 (S.D. Fla. 2017). And precisely because a defendant is legally authorized to access a consumer's credit report for a wide variety of reasons, to survive a motion to dismiss, a plaintiff must "aver sufficient *facts* to establish to a plausible degree that Defendant obtained the credit reports for an impermissible purpose." *Perez v. Portfolio Recovery Assocs.*, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012) (emphasis added); *see also Thomas v. Fin. Recovery Servs.*, 2013 WL 387968, at *4 (C.D. Cal. Jan. 31, 2013) ("plaintiff must allege facts that, if proven, would establish that the defendant did not have a permissible purpose for obtaining the credit report at issue").

Accordingly, courts in this Circuit and across the country have held that "bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient." *Thomas*, 2013 WL 387968, at *4; *see McKernan*, 2015 WL 12426148, at *3 ("Plaintiff is required to

actually raise a plausible factual allegation corroborating that statement, instead of simply stating that Defendant had no permissible purpose."); *Miller v. CitiMortgage, Inc.*, 2012 WL 12904291, at *9-10 (M.D. Fla. Jan. 30, 2012) (Conway, J.) (plaintiff failed to allege facts sufficient to allow the court to infer that defendant accessed his credit report without a permissible purpose); *Lucas v. Account Servs. Collections, Inc.*, 2018 WL 1863624, at *2 (S.D. Fla. Jan. 23, 2018) ("rote legal conclusions" are insufficient to support claim that defendant obtained credit report without a permissible purpose); *Celestine*, 2017 WL 4174804, at *3 (facts that plaintiff had no account with defendant and no recent relationship with defendant are insufficient to show defendant had no permissible purpose); *McCrary v. Nationstar Mortg., LLC*, 2016 WL 11581651, at *11 (N.D. Ga. Dec. 8, 2016) ("Plaintiff's allegations that Defendant made 'misrepresentations' and lacked a 'permissible purpose' are entirely conclusory, lacking in explanatory factual allegations, and therefore fail to state any claim."); *Heagerty v. Ocwen Loan Servicing, LLC,* 2014 WL 12860405, at *3 (N.D. Ga. Sept. 23, 2014) (describing numerous reasons why defendant may have had a permissible purpose to access credit report).[1]

---

[1] *See also Cunningham v. Nationwide Sec. Sols., Inc.*, 2017 WL 10486988, at *4 (N.D. Tex. Nov. 2, 2017) ("Courts have rejected allegations, similar to Plaintiff's, merely concluding that a defendant did not have a permissible purpose."); *Jones v. Best Serv. Co.*, 2017 WL 490902, at *8 (C.D. Cal. Feb. 2, 2017) ("Plaintiff's allegations under the FCRA do not permit the Court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'"); *Betz v. Jefferson Capital Sys, LLC*, 68 F. Supp. 3d 130, 133 (D.D.C. 2014) (plaintiff's conclusory allegations

6

And "[m]erely reciting each of the permissible circumstances and denying that they apply is similarly inadequate." *Thomas*, 2013 WL 387968, at \*4; *see also Jones*, 2017 WL 490902, at \*8; *Davis v. Schwab*, 2013 WL 704332, at \*3 (N.D. Tex. Feb. 26, 2013); *Perez*, 2012 WL 5373448, at \*2-3. Simply put, a plaintiff must allege *facts* demonstrating that the defendant's purpose was not permissible.[2]

---

that defendant obtained his credit report "without a permissible purpose" fail to state a claim); *Perez*, 2012 WL 5373448, at \*2 (Plaintiff's allegation that defendant has been "obtaining and furnishing information from the Plaintiff's Transunion consumer credit report with no permissible purpose" is "nothing more than a 'threadbare recital of the elements of a cause of action.'"); *Jacques v. Solomon & Solomon P.C.*, 886 F. Supp. 2d 429, 435 (D. Del. 2012) ("Plaintiff's conclusory allegation that Northland 'accessed Plaintiff's TransUnion consumer report without a permissible purpose'" does not state a claim.); *Tauro v. Asset Acceptance*, 2012 WL 2359954, at \*5 (W.D. Pa. June 20, 2012) ("Plaintiff merely alleges conclusory accusations that the Defendants obtained his credit report without permissible purpose which … does not enjoy a presumption of truth."); *Demaestri v. Verifacts Inc.*, 2012 WL 1192758, at \*7 (D. Colo. Mar. 16, 2012) ("Plaintiff makes only formulaic allegations, devoid of any factual enhancement, that Defendant 'willfully violated [Section 1681b] by obtaining Plaintiff's consumer report without a permissible purpose."); *Flury v. CSC Credit Servs.*, 2012 WL 300726, at \*1 (D. Ariz. Feb. 1, 2012) ("a single conclusory allegation that [plaintiff's] credit report was 'obtained without a permissible purpose'" fails to state an FCRA claim); *Makreas v. The Moore Law Group, a P.C.*, 2011 WL 3047634, at \*2 (N.D. Cal. July 25, 2011) ("Plaintiff's conclusory allegation that Moore lacked a 'permissible purpose' … is insufficient to state a claim").

[2] Plaintiff has already indicated his reliance on *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019), as support that his allegations are sufficient, but that reliance is misplaced. In *Nayab*, the circuit court found that the district court had "erred by placing the burden of pleading Defendant's *actual unauthorized purpose* on Plaintiff" and found, instead, that defendant's actual permissible purpose is ultimately an affirmative defense for the defendant to prove. *Id.* at 493 (emphasis added). But even then, plaintiff was not relieved of her pleading obligations. "Although [the *Nayab* court held that] the plaintiff need not allege the defendant's *actual* unauthorized purpose, the plaintiff must [still] allege "facts giving rise to a reasonable inference that [the defendant] obtained her credit report for a purpose not authorized by the statute." *Danfer-Klaben v. JPMorgan Chase Bank, N.A.*, 2022 WL 3012528, at \*3 (C.D. Cal. Jan. 24, 2022) (emphasis in original), *quoting Nayab*, 942 F.3d at 499. Moreover, as the *Nayab* dissent aptly noted, the majority opinion effectively ignores Supreme Court precedent: "Rather than assessing compliance with the *Twombly*/*Iqbal* pleading standard, the majority opinion relies on cases addressing the burden of production and the burden of proof. These cited references not only fail to address Rule 8(a), they were largely decided before *Twombly* and *Iqbal*, in two instances approximately a century previously. The majority's reliance on these references is

7

For instance, in *McKernan,* plaintiff claimed that defendant "had no permissible purpose to pull her credit report under the FCRA." 2015 WL 12426148, at *2. As the basis for her claim, plaintiff alleged that she "never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from" the defendant. *Id.* The court found, however, that even taking those allegations as true, "it is not enough to give rise to the reasonable inference that Defendant is liable for the alleged violation." Indeed, as Judge Conway explained, "Plaintiff's allegation that she never had any business dealings with Defendant has continually been recognized by the courts as insufficient to sustain a claim for violation of the FCRA." *Id.* at *3 (collecting cases). "An absence of dealings with the Defendant is simply not enough to establish liability." *Id.*[3] Accordingly, the court dismissed plaintiff's FCRA claim.

---

untenable." *Nayab*, 942 F.3d at 502 (Rawlinson, J., concurring in part and dissenting in part) (internal citations omitted). Not surprisingly, then, no other circuit court and no other district court outside the outside the Ninth Circuit has adopted *Nayab*. *See, e.g., Robinson v. Capital One Bank (USA), N.A.*, 2021 WL 351421, at *3-4 (D. Kan. Feb. 2, 2021) (declining to adopt *Nayab*); *see also Sullivan v. Wells Fargo Bank, N.A.*, 418 F. Supp. 3d 939, 953 (S.D. Ala. 2019) ("[T]he existence of a permissible purpose (or the plaintiff's failure to allege or prove its absence) is equally fatal to both a permissible purpose claim and a false pretenses claim."); *Jairam v. Capital One Bank USA, N.A.*, 2018 WL 1869819, at *2 (N.D. Ga. Feb. 12, 2018) ("A key element of any claim for violation of [Section 1681b(f)] is that the defendant obtain the report for an unauthorized purpose."); *Celestine,* 2017 WL 4174804, at *3 (similar); *Jimenez,* 233 F. Supp. 3d at 1365 (similar); *McKernan,* 2015 WL 12426148, at *2 (similar).

[3] *See also Boston v. Client Servs. of Mo., Inc.*, 2013 WL 5925902, at *3 (W.D.N.C. Nov. 1, 2013) (claim that defendant lacked a permissible purpose because plaintiff did not have any business dealings with defendant is a "leap" that "establishes nothing beyond speculation as the 'mere

8

Similarly, in *Thomas*, plaintiff claimed that defendant violated Section 1681b "by obtaining [her] consumer credit report … for an impermissible purpose and without her authorization." 2013 WL 387968, at *1. Plaintiff not only alleged that defendant obtained her credit report without a permissible purpose, but she also specifically alleged that none of the permissible purposes under Section 1681b applied: "Plaintiff alleges that she did not authorize the credit reporting agency to furnish the report nor authorize [defendant] to obtain the report; did not apply for any credit, loans, or services with [defendant], have a contractual relationship with [defendant], owe a debt to [defendant], or have an existing account or credit obligation with [defendant]; did not apply for employment or insurance with [defendant]; was not subject to a court order requiring the report; and did not apply for a license or other benefit." *Id.* at *3.

The court held, however, that plaintiff's allegations failed to state a claim. As the court explained:

> Plaintiff has made the conclusory allegation that Defendant did not have a permissible purpose to request her credit report. Plaintiff additionally enumerates each of the permissible circumstances under which a person may request a consumer credit report and alleges that none of these circumstances existed at or about the time Defendant requested Plaintiff's credit report. As such, Plaintiff does no more than make legal conclusions, which is insufficient to survive a Rule 12(c) motion.

---

possibility' of a violation of the FCRA"); *Little v. Asset Acceptance, LLC*, 2013 WL 12080760, at *4 (S.D. Fla. Apr. 8, 2013) ("It is not necessary for Plaintiff to have had direct dealings with Defendant in order for Defendant to lawfully obtain a consumer report.).

9

*Id.*, citing *Iqbal*, 556 U.S. at 678.[4]

Here, Plaintiff does even less. All he alleges is that he did not "apply for a loan from [CNU]," that he "did not have any form of relationship with [CNU]," and that he did not "authorize [CNU] to access his Experian credit report, (Compl. ¶¶ 14-16); and then summarily concludes that CNU accessed his "credit report without a permissible purpose under the FCRA," (Compl. ¶¶ 48-49). But as courts have uniformly held, merely alleging that CNU did not have a permissible purpose for obtaining his credit report is not enough. *See supra* pp. 5-9. And merely highlighting a few "possible 'permissible purposes' under the [FCRA] and summarily assert[ing] that they do not apply" also is not enough. *Jones*, 2017 WL 490902, at *7. Simply put, "[a]lthough [P]laintiff may subjectively believe that [CNU] obtained his credit report for some impermissible purpose, 'he must support that belief with some factual allegations'"—which he has completely failed to do. *Cunningham*, 2017 WL 10486988, at *4 (quoting *Betz*, 68 F. Supp. at 133).

---

[4] *See also Jairam*, 2018 WL 1869819, at *2-3 (holding that plaintiff's allegation that she had no "business dealings or accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit" from defendant "shows nothing beyond a mere possibility of a violation of the FCRA, without presenting enough facts to raise a reasonable expectation that discovery will reveal unlawful conduct").

Because Plaintiff "offers no factual basis to infer what purpose—permissible or impermissible—[CNU] had in making" the inquiry on his credit report, Plaintiff's Complaint does not allege a plausible claim that CNU's purpose for obtaining his credit report was impermissible. *Perez*, 2012 WL 5373448, at *2. Plaintiff's Complaint should be dismissed.

### B. Plaintiff has failed to state a plausible claim that CNU's alleged violation was willful.

Even if Plaintiff had pleaded a plausible claim that CNU obtained his credit report for an impermissible reason (which he has not), his claim for statutory and punitive damages still fails because he has not sufficiently alleged that CNU's alleged conduct was "willful."[5] To survive a motion to dismiss, "[a] plaintiff's allegations cannot be conclusory and must include specific facts as to a defendant's mental state when the report was accessed." *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319, 1332 (S.D. Fla. 2014). As courts have

---

[5] Under the FCRA, statutory and punitive damages are available only for willful violations. *See* 15 U.S.C. §§ 1681n (willful violations), 1681o (negligent violations). And because individual determinations of putative class members' actual damages, if any, are not appropriate for class treatment, Plaintiff's failure to state an actionable claim that CNU "willfully" violated the FCRA necessarily dooms his class claims. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952-53 (7th Cir. 2006) ("Although compensatory damages may be awarded to redress negligence, while statutory damages require willful conduct, introducing the 'easier' negligence theory would preclude class treatment. Common questions would no longer predominate, and an effort to determine a million consumers' individual losses would make the suit unmanageable."); *Clark v. Experian Info. Sols., Inc.*, 2001 WL 1946329, at *4 (D.S.C. Mar. 19, 2001) ("Plaintiffs concede that '[c]laims for actual damages under the FCRA are not suitable for class treatment. This is because individual factors in proving actual damages and defending against certain defenses would make proving such claims unmanageable.'" (citation omitted)).

overwhelmingly acknowledged, merely alleging that defendant's violation was "willful," without supporting facts, is insufficient. *See, e.g., Smalls v. New Penn Fin., LLC*, 2021 WL 1530840, at *3 (M.D. Fla. Apr. 19, 2021) (Jung, J.) ("The complaint fails to allege any facts to support a willful violation of the FCRA."); *Mizrachi v. Trans Union, LLC,* 2019 WL 266319, at *2 (S.D. Fla. Jan. 18, 2019) (Plaintiff "merely recites legal conclusions without any facts to show the reasonable inference that [defendant's] conduct was willful."); *Jairam*, 2018 WL 1858241, at *3 (dismissing claim where plaintiff's complaint "[did] not contain facts regarding Defendant's state of mind to show willfulness"); *Celestine,* 2017 WL 2838185, at *2 ("A plaintiff must allege specific facts that show that a defendant willfully or negligently failed to comply with the FCRA."); *Foxworth v. Am. Fam. Ins.,* 2011 WL 13318722, at *3 (N.D. Ga. Sept. 2, 2011) (dismissing claim where plaintiff merely "state[d] that Defendant willfully violated § 1681b(f) without any factual allegations to suggest how Defendant's actions were willful").[6] Yet that's all Plaintiff has done here.

---

[6] *See also Braun v. Client Servs., Inc.,* 14 F. Supp. 3d 391, 399 (S.D.N.Y. 2014) ("While Plaintiff asserts that the Defendant's FCRA violation was willful, he does so in a conclusory manner and does not allege any facts related to the Defendant's state of mind when it allegedly obtained his credit report."); *Perl v. Am. Express*, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) ("[Plaintiff] has failed to allege any facts related to Defendants' state of mind when they allegedly obtained his credit reports."); *Tauro*, 2012 WL 2359954, at *5 ("Plaintiff has not averred any facts from which the Court can infer that the Defendants knew, or should have known, that they did not intend to use the Plaintiff's credit report for a permissible purpose under the FCRA."); *Farkash v. RJM Acquisitions Funding, Inc.,* 2012 WL 1948643, at *3 (S.D.N.Y. May 29, 2012) ("While [the

12

Specifically, Plaintiff alleges that because he supposedly never "applied for a loan from [CNU] or had any form of business relationship with [CNU]," CNU "willfully and maliciously violated 1681b(f) when it accessed Plaintiff's Experian credit report …." (Compl. ¶¶ 48-49.) Plaintiff offers absolutely no factual support, much less "specific facts as to [CNU's] mental state when the report was accessed." *Helman*, 85 F. Supp. 3d at 1331-32. He just labels CNU's alleged violation as "willful," which does not come anywhere close to stating a claim. Thus, for this reason as well, Plaintiff's Complaint and, specifically, his claim that CNU willfully violated the FCRA should be dismissed.

## II. Plaintiff's class allegations should be stricken pursuant to Rule 12(f) because his proposed class definition is "fail-safe."

To certify a class, a plaintiff must show that his proposed class is "adequately defined and clearly ascertainable." *Alhassid v. Bank of Am.*, 307 F.R.D. 684, 693 (S.D. Fla. 2015). Here, Plaintiff seeks to bring his claim on behalf of a putative class defined as follows:

> All persons within the United States (1) who have had their consumer credit report(s) obtained by [CNU]; (2) within the five (5) years preceding the date of the original complaint through the date of class certification; (3) from Equifax, Experian, and/or Trans Union; (4) who did not apply for a loan from [CNU]; and (5) for which [CNU] *did not have a permissible purpose enumerated in the Fair Credit Reporting Act to access such person's credit report(s)*.

---

plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner.").

13

(Compl. ¶ 27 (emphasis added).) The threshold problem with Plaintiff's defined class is that it "identifyi[es] class membership in terms of the ultimate merits question of the defendant's liability"—i.e., a facially impermissible "fail-safe" class. *Alhassid*, 307 F.R.D. at 693. Accordingly, Plaintiff's class allegations should be stricken.[7]

"Fail-safe" class definitions present at least two significant problems. First, "'the class definition is essentially circular. It defines its members on the presumption that such members have viable claims against the defendant. So, the class definition assumes what it ostensibly seeks to prove.'" *Id.* at 693, (quoting *Hurt v. Shelby Cty. Bd. of Educ.,* 2014 WL 4269113, at 8 (N.D. Ala. Aug. 21, 2014)). In other words, the definition puts the cart before the horse: an individual is part of the class only if she prevails on her claim. *See, e.g.*, *Love v. Turlington,* 733 F.2d 1562, 1564 (11th Cir. 1984) (although a trial court may review the merits factors necessary for the plaintiff's claim, it "may not properly reach the merits of a claim when determining whether class certification is warranted"). Second, a fail-safe class definition allows class members to

---

[7] "The Court has broad discretion in determining whether to grant or deny a motion to strike." *Slone v. Judd,* 2010 WL 11627542, at *1 (M.D. Fla. Nov. 3, 2010). And "striking class allegations" is appropriate where, as here, "it is unnecessary for the court 'to probe behind the pleadings before coming to rest on the certification question.'" *County of Dorchester, S.C. v. AT&T Corp.,* 407 F. Supp. 3d 561, 568 (D.S.C. 2019); *see also Pilgrim v. Univ. Health Card, LLC,* 660 F.3d 943, 949 (6th Cir. 2011) ("nothing in the rules says that the court must await a motion [for class certification] by the plaintiffs").

14

"circumvent res judicata and basically rig the certification process so that they cannot lose." *Alhassid*, 307 F.R.D. at 694. Either class members win and are part of the class, or they lose and are not part of the proposed class and, therefore, are not bound by the judgment. *Id.* "This raises an obvious fairness problem for the defendant: the defendant is forced to defend against the class, but if a plaintiff loses, she drops out and can subject the defendant to another round of litigation." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 660 (7th Cir. 2015); *see Balassiano v. Fogo De Chao Churrascaria (Orlando) LLC,* 2020 WL 7365264, at *3 (M.D. Fla. Dec. 15, 2020) (Kidd, M.J.) ("Fail-safe classes preclude the court from ascertaining the contours of the class, which is the *sine qua non* of Rule 23 certification.") (quoting *Hurt*, 2014 WL 4269113, at *8), *report and recommendation adopted,* 2021 WL 2019722 (M.D. Fla. Jan. 7, 2021) (Berger, J.); *MSP Recovery Claims, Series LLC v. Ace Am. Ins. Co.*, 341 F.R.D. 636, 647 (S.D. Fla. 2022) (noting that fail-safe classes are "palpably unfair to the defendant" and are also unmanageable from a class administration perspective); *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 538 (E.D. Mich. 2015) ("Such a class is prohibited because it would allow putative class members to seek a remedy but not be bound by an adverse judgment."); *Lindsay Transmission, LLC v. Office Depot, Inc.*, 2013 WL 275568, at *4 (E.D. Mo. Jan. 24, 2013) ("Determining membership in the class would essentially require a mini-hearing on the merits of each case.").

15

For these reasons, courts in this Circuit routinely refuse to certify fail-safe classes. *See, e.g., Balassiano,* 2020 WL 7365264, at *3; *Fennell v. Navient Sols.,* 2019 WL 3854815, at *4 (M.D. Fla. June 14, 2019) (Dalton Jr., J.); *Nelson v. Conduent Business Servs. LLC,* 2020 WL 5587450, at *6 (N.D. Ga. Sept. 18, 2020); *Alhassid*, 307 F.R.D. at 694; *Hurt,* 2014 WL 4269113, at *8; *Likes v. DHL Exp.*, 288 F.R.D. 524, 533 (N.D. Ala. 2012). And courts across the country have also stricken fail-safe class definitions at the pleadings stage, without waiting for a motion for class certification. *See, e.g., Woodward v. GEICO Advantage Ins. Co.,* 2022 WL 2953053, at *12-13 (D. Md. July 25, 2022); *Carmouche v. A1 Diabetes & Med. Supply, Inc.*, 586 F. Supp. 3d 795, 806 (W.D. Tenn. 2022); *Bryant v. King's Creek Plantation, LLC,* 2020 WL 6876292, at *3 (E.D. Va. June 22, 2020); *MSP Recovery Claims, Series LLC v. Plymouth Rock Assurance Corp. Inc.,* 404 F. Supp. 3d 470, 485 (D. Mass. 2019); *Boyer,* 306 F.R.D. at 540; *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 624-26 (E.D. Pa. 2015); *Sauter v. CVS Pharmacy, Inc.*, 2014 WL 1814076, at *8-9 (S.D. Ohio May 7, 2014); *Lindsay Transmission,* 2013 WL 275568, at *5; *Brazil v. Dell, Inc.,* 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008); *see also Lith v. Iheartmedia + Ent., Inc.*, 2016 WL 4000356, at *5 (E.D. Cal. July 25, 2016) (striking the class definition and declining to exercise discretion to redefine the class, noting that "in the Court's view, Plaintiff should bear the burden of writing his

16

complaint in a permissible manner. This Court does not have the duty, time, or willingness to do so.").

Here, Plaintiff's only claim against CNU is that it allegedly obtained his credit report in violation of Section 1681b of the FCRA. That provision prohibits persons from obtaining consumer credit reports unless they do so for one of the "permissible purposes" enumerated in the FCRA. *See* 15 U.S.C. § 1681b. Besides the fact that Plaintiff doesn't come close to stating his own claim, he seeks to represent others for whom CNU obtained credit reports where it "did not have a permissible purpose enumerated in the [FCRA] to access such person's credit report(s)." (Compl. ¶ 27.) Thus, by doing so, Plaintiff clearly "identifyi[es] class membership in terms of the ultimate merits question of the defendant's liability," *Alhassid*, 307 F.R.D. at 693; and because Plaintiff's alleged class is a facially impermissible fail-safe class, the class allegations should be stricken.

## Conclusion

For these reasons, Defendant CNU Online Holdings, LLC respectfully requests that the Court dismiss Plaintiff's claims with prejudice and strike Plaintiff's class allegations.

**Local Rule 3.01(g) Certification**

On October 24, 2022, counsel for CNU conferred with counsel for Plaintiff via electronic mail. On October 25, 2022, counsel for Plaintiff stated via electronic mail that Plaintiff opposes this Motion.

Dated: October 25, 2022                    Respectfully submitted,

*/s/ Jeff Pilgrim*
JEFF PILGRIM (*pro hac vice*)
KE LIU (*pro hac vice*)
**PILGRIM CHRISTAKIS LLP**
One South Dearborn St., Suite 1420
Chicago, IL 60603
Ph: (312) 939-0923
Fax: (312) 939-0983
jpilgrim@pilgrimchristakis.com
kliu@pilgrimchristakis.com

ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
Email: akg@lgplaw.com
MICHAEL D. STARKS
Florida Bar No. 0086584
Email: mds2@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Ph: (305) 379-0400
Fax: (305) 379-9626

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of October, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Jeff Pilgrim*
